# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUSION CONCEPTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CROSS ENGINEERING, LLC, a California limited liability corporation, d.b.a., Cross Armory, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 18-cv-0871 DMS (MSB)<br><br>**ORDER CONSTRUING CLAIMS** |

This matter came before the Court for a claim construction hearing on May 7, 2019. Trevor Coddington, James Fazio, Charles Blazer and Donny Samporna appeared on behalf of Plaintiff, and Stuart Clark appeared on behalf of Defendants. After a thorough review of the parties' claim construction briefs and all other material submitted in connection with the hearing, and after hearing argument of counsel, the Court issues the following order construing the disputed terms of the patent at issue.

/ / /

/ / /

/ / /

# I.
# BACKGROUND

There is one patent at issue in this case, United States Patent Number 8,756,845 ("the '845 Patent"). The Patent is entitled, "Method and Device for Converting Firearm with Detachable Magazine to a Firearm with Fixed Magazine." There are 20 claims in the Patent, three of which are independent claims. Two of those claims, claims 1 and 8, are apparatus claims. The remaining independent claim, claim 15, is a method claim. Claim 8, in particular, recites:

> A device for converting a firearm with a detachable magazine into a firearm with a fixed magazine comprising
>
> A magazine catch bar securely attached to the lower receiver of said firearm, said magazine catch bar resting within the magazine side-locking recess
>
> An upper tension bar which extends towards and contacts the upper receiver

The parties dispute two terms from the Patent, which appear in claim 8 and throughout the other claims: (1) "magazine catch bar" and (2) "upper tension bar." Plaintiff argues these terms should be construed according to their plain and ordinary meaning. In the alternative, Plaintiff urges the Court to construe "magazine catch bar" as "a member capable of engaging with the magazine's side locking recess," and "upper tension bar" as "a member capable of applying or transferring a force to a receiver." Defendants' primary argument is the patent is invalid as indefinite. Alternatively, Defendants offer several alternative constructions of the terms depending on where they are found within the claims.

# II.
# DISCUSSION

"Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly

indefinite claim language is subject to construction." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008) (citing *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1348 (Fed. Cir. 2005)). Title 35 United States Code § 112 provides the basis for the definiteness requirement of United States patents. The second paragraph of this statute states: "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. The purpose of this requirement is "to inform the public of the bounds of the protected invention, i.e., what subject matter is covered by the exclusive rights of the patent." *Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008). Absent this information, "competitors cannot avoid infringement, defeating the public notice function of patent claims." *Id.* (citing *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1581 (Fed. Cir. 1996)).

In *Nautilus v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014), the Supreme Court set out the standard for determining indefiniteness of patent claims. In that case, the Court set out three aspects of the inquiry into indefiniteness.

> First, definiteness is to be evaluated from the perspective of someone skilled in the relevant art. Second, in assessing definiteness, claims are to be read in light of the patent's specification and prosecution history. Third, "[d]efiniteness is measured from the viewpoint of a person skilled in [the] art *at the time the patent was filed*."

*Id.* at 908 (citations omitted). The Court incorporated these aspects into its holding that "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Id.* at 901. Defendants have the burden of proving the claims are indefinite "by clear and convincing evidence." *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017) (citing *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1381 (Fed. Cir. 2015)).

In this case, Defendants argue the claims of the '845 Patent, as a whole, are indefinite. Defendants' arguments are not entirely clear, but they appear to be arguing the following: First, that the claims are indefinite because there is a disparity between the written description of the invention and the claims. (Defs.' Opening Claim Construction Br. at 8-9.) Second, Defendants contend the claims are indefinite because the terms "magazine catch bar" and "upper tension bar" are not terms of art. (*Id.* at 9.) Third, Defendants argue the claims are indefinite because the terms "magazine catch bar" and "upper tension bar" describe and reflect different components and functions. (*Id.*) Fourth, Defendants assert the claims are indefinite because they omit elements necessary to render them functional. (*Id.*) Fifth, Defendants contend the claims are indefinite because they omit limitations from the Patent's written description and drawings. (*Id.* at 9-10.) At oral argument, Defendants attempted to refine their arguments, which appear to boil down to this: The claims are indefinite because they describe two discrete, separate inventions, as set out in Figures 3 and 4 of the Patent.[1] Stated differently, Defendants appear to be arguing the claims are so broad as to be indefinite.

No matter how the Court construes Defendants' arguments, however, they do not prove, by clear and convincing evidence, that the claims are indefinite. Indeed, most of the arguments do not address the central question of indefiniteness, which is whether the claims "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus*, 572 U.S. at 901. To the extent Defendants' argument rests on the breadth of the claims, "[t]he Federal Circuit has previously explained that '[m]erely claiming broadly' does not 'prevent the public

---

[1] Defendants also asserted at oral argument that the claims are not enabled, and that enablement is part of the indefiniteness inquiry, thereby providing another reason to find the claims indefinite. However, enablement and indefiniteness are generally two separate inquiries, and enablement "cannot be considered to be part of claim construction." *ASM America, Inc. v. Genus, Inc.*, No. C-01-2190-EDL, 2002 WL 1892200, at *16 (N.D. Cal. Aug. 15, 2002)

from understanding the scope of the patent,' and that 'breadth is not indefiniteness[.]'" *Takeda Pharmaceutical Co., Ltd. v. Mylan Inc.*, No. 13-CV-04001-LHK, 2014 WL 5862134, at *9 (N.D. Cal. Nov. 11, 2014) (citations omitted). *See also Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1352 (Fed. Cir. 2009) ("Merely claiming broadly does not render a claim insolubly ambiguous, nor does it prevent the public from understanding the scope of the patent.") Contrary to Defendants' argument, the claims of the '845 Patent, read in light of the specification, adequately inform a person of skill in the art about the scope of the invention. Thus, the Court rejects Defendants' argument that the claims of the '845 Patent are indefinite.

In light of that finding, the only remaining issue for the Court here is to construe the disputed terms: "magazine catch bar" and "upper tension bar." Generally, these terms should be "given their ordinary and customary meaning." *Nystrom v. TREX Co.*, Inc., 424 F.3d 1136, 1142 (Fed. Cir. 2005) (citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). This "'is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention.'" *Id.* (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005)). "The person of ordinary skill in the art views the claim term in the light of the entire intrinsic record." *Id.* Accordingly, the Court must read the claims "'in view of the specification, of which they are a part.'" *Id.* (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)).

Here, the Court agrees with Plaintiff that the terms "magazine catch bar" and "upper tension bar" should be construed according to their plain and ordinary meaning. Defendants' approach to construing the claims is unconventional, and legally incorrect for two reasons. First, Defendants' proposed constructions simply import limitations from the specification into the claims, like their inclusion of the "as depicted in Fig. 3" language, which is improper. *See Cadence Pharmaceuticals Inc. v. Exela Pharm Sci Inc.*, 780 F.3d 1364, 1369 (Fed. Cir. 2015) (quoting *Flo*

*Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367, 1375 (Fed. Cir. 2012)) (stating it is improper "'to import from the patent's written description limitations that are not found in the claims themselves.'")  Second, Defendants offer different constructions of the same term depending on where the term is found in the claims, which is counter to the presumption that "a claim term should be construed consistently with its appearance in other places in the same claim or in other claims of the same patent."  *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001).  As with the indefiniteness inquiry, one of a skill in the art, reading the claims in light of the specification, would understand the terms "magazine catch bar" and "upper tension bar," and would construe those terms according to their plain and ordinary meaning.  Accordingly, the Court rejects Defendants' proposed constructions of the claim terms, rejects Plaintiff's alternative constructions of the claim terms, and construes these terms according to their plain and ordinary meaning.

### III.
### CONCLUSION

For the reasons stated above, the disputed terms are interpreted as set forth in this Order.

**IT IS SO ORDERED**.

Dated:  May 21, 2019

Hon. Dana M. Sabraw
United States District Judge