UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUSION CONCEPTS, INC., a California Corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>CROSS ENGINEERING, LLC; a California limited liability corporation, d/b/a Cross Armory; and DOES 1-10, inclusive,<br><br>                                    Defendants. | Case No.:  18cv871 DMS (MSB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RENEWED MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT AND RELATED RELIEF, AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ORDER ENFORCING SETTLEMENT AGREEMENT TERM TO DISMISS ACTION** |

This matter comes before the Court on Plaintiff's renewed motion for enforcement of the parties' Settlement Agreement and related relief, and Defendants' motion for an order enforcing the Settlement Agreement term to dismiss this action.  This Court referred the motions to the Magistrate Judge for a Report and Recommendation ("R&R").  On February 12, 2021, Magistrate Judge Michael Berg issued his R&R, recommending that the Court grant in part and deny in part both motions.  Both sides filed objections to the R&R, and responses to the other side's objections.  This Court, having reviewed de novo

the Magistrate Judge's R&R, the parties' objections, their responses thereto, and the record on file in this case, adopts the Magistrate Judge's R&R in full. Consistent with the R&R, and for the sake of clarity, the Court finds as follows:

1. The term "kits" as used in the Settlement Agreement includes packages that (a) contain an identified Licensed Product, i.e., the Safe Mag .308/AR-10, Safe Mag-MIL-SPEC AR-15/M4 (including Special Red Edition), the Safe Mag 2-ALL AR-15/M4 magazine release product, *or* (b) contain a product "manufactured, sold, produced, or distributed, now or in the future, by Cross Engineering that would infringe the '845 Patent in the absence of" the parties' Settlement Agreement. The Court rejects Defendants' position that they are not required to pay royalties unless the "kits" contain a Licensed Product *and* another infringing product. Also, the royalty rate applies to the price of the kit as a whole, not just to the price of the Licensed Product inside the kit.

2. Defendants have not been calculating their royalty obligations according to the standard set out above in Paragraph 1. Now that the issue of "kits" has been resolved, Defendants shall amend any Royalty Reports already provided to Plaintiff to make them consistent with this Order, and pay any additional royalties that remain outstanding. Those amended Reports and any additional royalty payments shall be provided to Plaintiff on or before **April 9, 2021**. Counsel shall also file a joint status report with the Court on that date, indicating whether Defendants have complied with this Order. Upon receipt of a report reflecting Defendants' compliance, the Court will set a deadline for the filing of a joint motion to dismiss.

**IT IS SO ORDERED**.

Dated: March 25, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court